## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>**James M. Dennis and Elizabeth Ann Dennis,**<br><br>                 **Debtors.** | **Bankruptcy Case No. 18-00977-JMM** |
| **Noah G. Hillen,**<br><br>                 **Plaintiff,**<br><br>vs.<br><br>**Wilmington Savings Fund Society, FSB, d/b/a Christina Trust as Owner Trustee of the Residential Credit Opportunities Trust III,**<br><br>                 **Defendant.** | **Adversary Proceeding No. 19-6002-JMM** |

## MEMORANDUM OF DECISION

**Appearances:**

    Matthew T. Christensen, ANGSTMAN JOHNSON, PLLC, Boise, Idaho, Attorney for Plaintiff.

    Lewis N. Stoddard, ALDRIDGE PITE, LLP, Boise, Idaho, Attorney for Defendant.

MEMORANDUM OF DECISION − 1

## *Introduction*

The case before the Court takes place at the intersection of a deed of trust, a deed in lieu of foreclosure, and a bankruptcy filing. In this case, the chapter 7[1] trustee, Noah G. Hillen ("Plaintiff"), filed an adversary complaint naming as defendant the Wilmington Savings Fund Society, FSB, d/b/a Christina Trust as Owner Trustee of the Residential Credit Opportunities Trust III ("Defendant"). Dkt. No. 1. The complaint employs §§ 544(a)(1)–(3), by which Plaintiff seeks avoidance of the deed of trust, a declaration that it is invalid or unsatisfied, and a declaration that the bankruptcy estate holds the property at issue free and clear of any interests created by the deed in lieu of foreclosure.

Defendant moves to dismiss the complaint under Civil Rule 12(b)(6) on the ground that it fails to state a claim upon which relief may be granted. Dkt. No. 7. Following briefing, the Court heard oral argument on the motion on April 3, 2019, and thereafter took the matter under advisement. The Court now issues the following decision incorporating its consideration of the complaint, briefing, exhibits, and oral argument presented, as well as the applicable law. This decision resolves the motion to dismiss. Fed. R. Bankr. P. 7052; 9014.

/ / / / /

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§101-1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001—9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION – 2

*Facts*

The facts appear to be largely undisputed.  On approximately August 17, 2007,

debtors James M. Dennis and Elizabeth Ann Dennis ("Debtors") executed a promissory

note in the principal amount of $168,202, payable to CitiFinancial, Inc. ("Note").  Dkt.

No. 9 at Ex. A.  An allonge to the Note provided that payments should be made to the

order of Defendant.  *Id.*  CitiFinancial secured the Note by a deed of trust ("DOT") that

encumbered the real property located at 10497 Silver Fox Drive in Boise, Idaho (the

"Property").  *Id.* at Ex. B.  The DOT listed the Debtors as grantors, Transunion

Settlement Solution as the trustee, and Citifinancial as the beneficiary.  *Id.*  It was

recorded in Ada County, Idaho on August 23, 2007.  *Id*.

Debtors fell behind on their payments due under the Note, and on June 25, 2018,

they executed a warranty deed in lieu of foreclosure ("DIL") which deeded the Property

to Defendant.  *Id.* at Ex. C.  The DIL included the following provision:

> This Deed is an absolute conveyance of title, in effect as well as in form
> and is not intended as a mortgage, trust conveyance, or security of any kind.
> The consideration hereto existing on account of the Deed of Trust on said
> land recorded on **August 23, 2007** as Instrument No. **107119088**, records of
> **Ada** County, **IDAHO**.  This Deed completely satisfies said Deed of Trust
> and Note secured thereby, and any effect thereof in all respects.

*Id.*  Just over one month later, on July 27, 2018, Debtors filed a bankruptcy petition and

Plaintiff was appointed as the trustee.  Case No. 18-00977-JMM at Dkt. No. 1.  On

August 2, 2018, Defendant recorded the DIL.  *Id.*  On January 17, 2019, Plaintiff

commenced this adversary proceeding.

MEMORANDUM OF DECISION – 3

### *Request for Judicial Notice*

Initially, the Court will consider Defendant's request for judicial notice of documents filed in support of its motion to dismiss.  Dkt. No. 9.  Such requests are governed by Fed. R. Evid. 201(b), which provides that the court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  When confronted with such a request, the court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c).

Defendant attached four exhibits to the motion for judicial notice.  Dkt. No. 9.  Exhibit A is copy of the Note dated August 17, 2007; Exhibit B is a copy of the recorded DOT dated August17, 2007[2]; Exhibit C is a copy of the recorded DIL dated June 25, 2018; and Exhibit D is a copy of the Court's docket in the underlying bankruptcy case as of February 19, 2019.  No objection to the motion was filed.

The Court concludes Defendant's motion for judicial notice is moot.  "The Ninth Circuit has explained that, in ruling on a Civil Rule 12(b)(6) motion, a Court may generally consider only allegations contained in the pleadings, *exhibits attached to the complaint*, and matters properly subject to judicial notice.  *In re Leatham*, No. 16-00487-

---

[2] Initially, the Court was concerned that the copy of the DOT attached to the motion was incomplete, as there is a page that contains only the handwritten words, "DOT 52754242 DENNIS pgs 14—28".  However, the DOT is paginated "1 of 5," "2 of 5," etc.  The copy supplied to the Court includes all five pages, and therefore the Court presumes the handwritten page was accidently included and is not a part of the DOT.

MEMORANDUM OF DECISION − 4

TLM, 2017 WL 3704512, at *2 (Bankr. D. Idaho Aug. 24, 2017) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1030–31 (9th Cir. 2008)).  Because the documents that are the subject matter of Defendant's motion are already appended to Plaintiff's complaint, there is no need for the Court to take judicial notice of them.

One final observation.  Because Defendant's motion to dismiss is filed under Civil Rule 12(b)(6), as discussed below, ordinarily the consideration of documents outside the pleadings is not permitted.  Instead, when matters outside the pleadings are presented to and not excluded by the court, the motion is usually treated as one for summary judgment and disposed of as provided in Rule 56.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).  The *Lee* court continued:

> There are, however, two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion.  First, a court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment.  If the documents are not physically attached to the complaint, they may be considered if the documents' "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them.  Second, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record."

Thus, the Court will consider the Note, DOT, and DIL when considering Defendant's motion to dismiss.

/ / / / /

/ / / / /

MEMORANDUM OF DECISION − 5

*Analysis and Disposition*

A.  Standard on Motions to Dismiss

As discussed above, the Court's consideration of the Note, DOT, and DIL does not convert the instant motion to one for summary judgment.  As such, the Court will analyze Defendant's motion as one for dismissal pursuant to Civil Rule 12(b)(6).  The standards governing such motions are well-established:

> A motion to dismiss in an adversary bankruptcy proceeding is governed by Federal Rule of Bankruptcy Procedure 7012(b), which incorporates Federal Rule of Civil Procedure 12(b)–(i).  *Agarwal v. Pomona Valley Med. Grp., Inc.* (*In re Pomona Valley Med. Grp., Inc.*), 476 F.3d 665, 671–72 (9th Cir. 2007).  At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.  *Maya v. Centex Corp.*, 658 F.3d 1060, 1067–68 (9th Cir. 2011).  However, the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  To survive a motion to dismiss, a plaintiff must aver in the complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955).  A dismissal under Rule 12(b)(6) may therefore be based on either the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).

*In re Tracht Gut, LLC*, 836 F.3d 1146, 1150–51 (9th Cir. 2016).  Thus, this Court must consider the facts alleged in the complaint to be true, draw all reasonable inferences in favor of the Plaintiff, and consider whether the Plaintiff has alleged sufficient facts to state a facially plausible claim under § 544(a).

MEMORANDUM OF DECISION − 6

B.  Strong Arm Powers

*1.  Standard*

A bankruptcy trustee is given the power to avoid any transfer that a hypothetical

bona fide purchaser for value ("BFP") could have avoided under the law of the state in

which the real property is located.  This source of this power is found in § 544(a), which

provides:

> The trustee shall have, as of the commencement of the case, and without
> regard to any knowledge of the trustee or of any creditor, the rights and
> powers of, or may avoid any transfer of property of the debtor or any
> obligation incurred by the debtor that is voidable by—
>> (1) a creditor that extends credit to the debtor at the time of the
>> commencement of the case, and that obtains, at such time and with
>> respect to such credit, a judicial lien on all property on which a
>> creditor on a simple contract could have obtained such a judicial
>> lien, whether or not such a creditor exists;
>> (2) a creditor that extends credit to the debtor at the time of the
>> commencement of the case, and obtains, at such time and with
>> respect to such credit, an execution against the debtor that is returned
>> unsatisfied at such time, whether or not such a creditor exists; or
>> (3) a bona fide purchaser of real property, other than fixtures, from
>> the debtor, against whom applicable law permits such transfer to be
>> perfected, that obtains the status of a bona fide purchaser and has
>> perfected such transfer at the time of the commencement of the case,
>> whether or not such a purchaser exists.

*2.  Application*

Plaintiff alleges in his complaint that the DIL completely satisfied and

extinguished the DOT, leaving only the unrecorded DIL in place on the date of the

Petition.  Plaintiff further alleges that § 544(a) renders him a BFP as of the date of the

filing, and because the DIL was not recorded, Plaintiff steps ahead of Defendant and has

MEMORANDUM OF DECISION − 7

rights superior to it.  Defendant, on the other hand, argues that Plaintiff had notice of a

valid lien on the Property as of August 23, 2007, the date the DOT was recorded, and is

subject to that interest.

Concerning the trustee's strong arm powers, the Ninth Circuit observed, § 544(a)

"means that [the Court is] to deem the trustee not only to have purchased the property for

value without notice of the unrecorded lien, but also to have recorded his deed when the

petition was filed.  It is as though he were shopping for a place to live, saw a classified

ad, bought the condo after doing a title search, and recorded the deed, all at the instant the

petition was filed."  *In re Deuel*, 594 F.3d 1073, 1079 (9th Cir. 2010).  Thus, it "cannot

matter whether a hypothetical trustee who immediately read what was filed would have

actual knowledge from the schedules of the lien, or even if the subsequently appointed

trustee does have actual knowledge, because section 544 says that the strong arm power

exists 'without regard to any knowledge of the trustee.'"  *Id.* at 1077.  Thus, Plaintiff's

actual knowledge of either the DOT and/or the DIL is immaterial.  Rather, of importance

is what conveyances were in effect on petition day, as well as the applicable state law

governing those interests.

The DOT was executed and recorded in 2007, putting the parties, and the world,

including the Plaintiff, on notice of Defendant's encumbrance on the Property.  Next, the

DIL was executed in June 2018, but was not recorded, meaning the parties had notice of

it while the world did not.  As originally filed, the schedules did not reference the DIL

despite being later in time; only the original DOT was disclosed until October 4, 2018,

MEMORANDUM OF DECISION − 8

when the Debtors amended their schedules to remove ownership of the Property and the

claimed exemption thereon.  Dkt. No. 29.

Idaho Code § 55-812 provides that "[e]very conveyance of real property other than

a lease for a term not exceeding one (1) year, is void as against any subsequent purchaser

or mortgagee of the same property, or any part thereof, in good faith and for a valuable

consideration, whose conveyance is first duly recorded."  Thus, under Idaho law, a

transfer of an interest in real property is perfected as against a BFP of that property when

the instrument of conveyance is properly recorded.  *Rainsdon v. Garcia (In re Garcia),*

465 B.R. 181, 187 (Bankr. D. Idaho 2011); *Young v. Washington Fed. Sav. & Loan Ass'n*

*(In re Young)*, 156 B.R. 282, 285 (Bankr. D. Idaho 1993).

Additionally, Idaho law provides that "[e]very grant or conveyance of an estate in

real property is conclusive against the grantor, also against everyone subsequently

claiming under him, except a purchaser or encumbrancer, who in good faith, and for a

valuable consideration, acquires a title or lien by an instrument or valid judgment lien

that is first duly recorded."  Idaho Code § 55-606.  Thus, an unrecorded instrument is

valid between the parties and those who have notice of it.[3]  When a subsequent

encumbrancer or purchaser has actual knowledge of a prior interest, it makes no

difference whether the prior interest was properly acknowledged and recorded.  *Farm*

---

[3] No party has alleged that the DIL is not valid as between Debtors and Defendant.

MEMORANDUM OF DECISION – 9

*Bureau Fin. Co. v. Carney*, 100 Idaho 745, 747–48, 605 P.2d 509, 511–12 (1980); Idaho

Code §§ 55-606, 55-812.

Section 544(a) cloaks Plaintiff with the status of a BFP irrespective of notice.

These BFP rights will be superior to an unrecorded deed.  Under Idaho law, an

unrecorded conveyance of real property is void against subsequent purchasers of the

property where the subsequent bona fide purchaser takes the property in good faith, for

valuable consideration, without actual or constructive notice that an unrecorded interest

exists, and records her interest.  Idaho Code § 55–812; *In re Chase*, 00.2 I.B.C.R. 73, 76

(Bankr. D. Idaho 2000).  Accordingly, as to the DIL, the Plaintiff's strong arm powers

will trump the Defendant's interest unless the DOT remains in effect.  This invokes the

doctrine of merger.

*3.  Merger*

The doctrine of merger is well settled under Idaho law:

> [T]he acceptance of a deed to premises generally is considered as a merger
> of the agreements of an antecedent contract into the terms of the deed, and
> any claim for relief must be based on the covenants or agreements as
> contained in the deed, not the covenants or agreements as contained in the
> prior agreement.

*In re WBW, LLC*, No. 03-02387-TLM, 2010 WL 2176109, at *4 (Bankr. D. Idaho May

26, 2010) (quoting *Sells v. Robinson*, 141 Idaho 767, 118 P.3d 99, 103 (Idaho 2005),

holding modified by *Weitz v. Green*, 148 Idaho 851, 230 P.3d 743 (2010) (quoting *Jolley

v. Idaho Sec., Inc*., 90 Idaho 373, 414 P.2d 879, 884 (Idaho 1966)).  Idaho courts have

observed it "'seems to be well settled that ordinarily the provisions of an executory

MEMORANDUM OF DECISION – 10

contract for the sale of land and all prior negotiations leading up to it are merged in a subsequent deed.'" *Stainsbury Const. Co., Inc. v. Quinn,* 137 Idaho 269, 273, 47 P.3d 772, 776 (Idaho App. 2002) (quoting *Jolley,* 90 Idaho at 383, 414 P.2d at 884–85. As such, "[i]t will be presumed that it was the desire of the parties to consider the deed as the final expression of their mutual intentions." *Id*.

However, there is a well-recognized exception to the general rule that there is a merger of prior covenants and agreements into the deed. "Where the covenants in the contract do not relate to the conveyance, but are collateral to and independent of the conveyance, they are not merged in the deed, in so far as the deed is only a part performance of the contract." *In re WBW, LLC*, 2010 WL 2176109, at *4 (quoting *Sells,* 118 P.3d at 104). Put another way,

> The doctrine of "merger by deed" holds that whenever a deed is delivered and accepted "without qualification" pursuant to a sales contract for real property, the contract becomes merged into the deed and no cause of action upon said prior agreement exists. The purchaser is limited to the express covenants of the deed only.

*37 Robinwood Associates v. Health Indus., Inc*., 547 N.E.2d 1019, 1021 (Ohio App. 1988). "[W]here the right claimed under the contract would vary, change, or alter the agreement in the deed itself, or inheres in the very subject-matter with which the deed deals, a prior contract covering the same subject-matter cannot be shown as against the provisions of the deed." *In re WBW, LLC*, 2010 WL 2176109, at *4 (quoting *Sells,* 118 P.3d at 104). In other words, merger would operate to subsume all such provisions into the deed.

MEMORANDUM OF DECISION − 11

The *Jolley* court cited examples of stipulations in contracts for the sale of real estate that are conclusively presumed to be merged in a subsequently delivered and accepted deed made in pursuance of such contract. Those examples include: "(1) Those that inhere in the very subject matter of the deed, such as title, possession, emblements, etc; (2) Those carried into the deed and of the same effect; [and] (3) Those of which the subject matter conflicts with the same subject matter in the deed." *Jolley,* 90 Idaho at 382, 414 P.2d at 884; *Jovanovich v. Tract No. 3,* No. CV 2001–4790, 2002 WL 32102991, at *6 (Idaho Dist. Nov. 22, 2002).

Case law applying the doctrine of merger to deeds in lieu of foreclosure is surprisingly difficult to find. The case of *In re Carpenter* presents somewhat analogous facts. No. 09-03678-8-SWH, 2010 WL 785805, at *2 (Bankr. E.D.N.C. Mar. 2, 2010). In that case, the debtors and their creditor entered into a land sale contract, secured by a note and deed of trust. The debtors fell into default on the note, and they executed a general warranty deed back to the creditor which it accepted in lieu of foreclosure. The creditor then put the deed in lieu into its files without recording it, and the debtors retained control of the property. From there, a series of land sale contracts were entered into between the debtor and creditor, but no additional promissory notes or deeds of trust were executed. Finally, the debtors filed a chapter 13 petition, and subsequent to the filing, the creditor recorded the deed in lieu, and filed a proof of claim asserting a lien in the property. The debtors objected to the proof of claim, arguing that the original deed of trust was rendered obsolete by the subsequent deed in lieu, leaving the creditor's debt

MEMORANDUM OF DECISION − 12

unsecured.  The creditor, on the other hand, argued it retained its security interest because

the deed in lieu and subsequent land contracts did not displace the original note and deed

of trust.

The bankruptcy court began with the premise that under North Carolina law, an

unrecorded, written conveyance of land is valid between the executing parties.  As noted

above, the same is true under Idaho law.  Idaho Code § 55-606.  However, as in Idaho, in

order for a conveyance to be good against third parties, it must be recorded.  The

*Carpenter* court observed, "[t]he 1997 deed, which was secured by the related deed of

trust, is the only deed of record on the petition date. Therefore, it follows that while the

unrecorded 2003 deed may have been valid as between the debtors and [the creditor], it

was ineffective against the rest of the world."  *Id*. at *2.

Nevertheless, the debtor in that case argued that the deed in lieu rendered the

original deed of trust invalid.  The court disagreed, reasoning:

> It is true that when the holder of a deed of trust also becomes the owner of
> that which is secured, the doctrine of merger invalidates the deed of trust.
> However, the doctrine of merger does not apply "[w]here the mortgagee
> means to keep the security alive for his own protection as against other lien
> or encumbrances, and also where the conveyance is not intended by the
> parties to be in satisfaction of the mortgage debt, but only as additional
> security for it."  Here, the parties did not intend that the conveyance of the
> 2003 deed be in satisfaction of the debt represented by the deed of trust.
> Rather, the 2003 deed was intended as additional security for the obligation
> under the deed of trust. As a result, the deed of trust is valid.

*Id.* (internal citations omitted).

MEMORANDUM OF DECISION − 13

Applying the concepts elucidated in *Carpenter,* this Court concludes that the doctrine of merger applies under the facts of the case at bar. To explain its reasoning, the Court will walk the transaction through each of its segments. First, the Note was executed, which described the purchase price and payment terms between Debtors and Defendant and is therefore evidence of the debt owed by Debtors. The allonge to the Note directed payments to be made to Defendant. The Note was secured by the DOT, which is a conveyance of the ownership of the Property[4] to the trustee, Transunion Settlement Solution, for the benefit of the lender, Citifinancial, Inc., for the purposes of holding the title until the Note was fully paid, after which the deed would be transferred to the Debtors. As such, the terms of the Note are not merged into the DOT, as they represent different sides of the same transactional coin—one respects the debt incurred while the other conveys title to affect the security for the transaction. As discussed above, the DOT was properly recorded and Plaintiff has notice of that conveyance and encumbrance, and his interest would be subject to it.

The DIL, on the other hand, also conveys ownership of the Property. It reflects the fact that Debtors were unable to complete the transaction, and, rather than go through the foreclosure process, by which Defendant would have ultimately received payment for

---

[4] "In Idaho, a 'deed of trust or transfer of any interest in real property in trust to secure the performance of any obligation shall be a conveyance of real property.'" *In re Mullen,* 402 B.R. 353, 358 (Bankr. D. Idaho 2008) (quoting Idaho Code § 45–1513). In contrast to a lien, a deed of trust "convey[s] real property to a trustee in trust to secure the performance of an obligation of the grantor or other person named in the deed to a beneficiary." Idaho Code § 45–1502(3).

MEMORANDUM OF DECISION − 14

or title to the Property, Debtors chose a simpler method of accomplishing the same thing. By executing the DIL, Debtors cut to the chase and simply signed over their ownership of the Property to Defendant and skipped the intermittent steps. Thus, the DIL, like the DOT, is an instrument of conveyance. In this way, the "holder of a deed of trust also bec[ame] the owner of that which is secured, [and thus] the doctrine of merger invalidates the deed of trust."[5] *In re Carpenter,* 2010 WL 785805, at *2. It is very clear that Defendant, as the mortgagee, had no intention of keeping the security alive or using the DIL as additional security as the mortgagee did in *Carpenter*, because the DIL provides on its face that it was intended to be a satisfaction of the mortgage debt. Thus, the conveyance of ownership of the Property found in the DOT was merged into the DIL and Defendant became the owner of the Property, while the security for the Note—the DOT—was eliminated.

At this point, because ownership of the Property had changed, it was incumbent upon Defendant to record the DIL, the same as if Debtors had fully paid off the Note, and ownership had been transferred to them. Recordation is the method by which the world is placed on notice that ownership of property has been established in a different party. But in this case, the bankruptcy was filed before the DIL was recorded. Defendant contends that because to all the world, the DOT was still in place, then Plaintiff was on

---

[5] No party has alleged the fact that Defendant is the servicer of the Note, as opposed to Citifinancial, Inc., who is both the lender under the Note and the beneficiary under the DOT, is problematic or of material importance, and the Court does not find it to be so.

MEMORANDUM OF DECISION − 15

notice that there was a security interest on the Property.  However, Defendant wants to

have it both ways:  it wishes to employ the DIL so that it may enjoy the status of the

ownership of the Property under that document, while at the same time ignore the DIL

when it comes to Plaintiff's status as a BFP for the purposes of § 544.  In other words,

Defendant argues that the Plaintiff is bound by the DOT but the other parties to the

transaction are not.  It contends that Plaintiff had notice of the DOT, depriving him of his

BFP status.

In *In re Mullen*, this Court considered a similar situation under dissimilar facts.  In

that case, the bankruptcy trustee attempted to utilize § 544 to avoid a deed of trust that

was unenforceable under state law due to the running of the statute of limitations.  It

stated:

> Defendants' argument, though logical, misses the point.  As the Ninth
> Circuit has taught, "state law determines whether the trustee's status as a
> [bona fide purchaser] will defeat the rights of a person against whom the
> trustee seeks to assert his powers[,]" but, whether a trustee attains that
> status is a question of federal law.  *Michael v. Martinson (In re Michael)*,
> 49 F.3d 499, 501 (9th Cir. 1995) (quoting *Robertson v. Peters (In re
> Weisman*), 5 F.3d 417, 420 (9th Cir. 1993)).  In other words, the Code, not
> state law, prescribes any limitations on whether a trustee may assume the
> status of a bona fide purchaser.  *Id.* (citing 11 U.S.C. § 544(a)(3)).

*In re Mullen,* 402 B.R. at 357; *see also In re Weisman,* 5 F.3d 417, 419–20 (9th Cir.

1993) (same); *In re Harvey*, 222 B.R. 888, 892–93 (9th Cir. BAP 1998) ("Section 544

creates the 'strong arm' powers of a trustee, one of which clothes a trustee with the status

of a BFP of real property.")

MEMORANDUM OF DECISION − 16

In this case, Plaintiff is attempting to avoid the DIL on the grounds that it is unrecorded. Defendant argues the presence of the DOT, recorded under the laws of the State of Idaho, somehow eliminates Plaintiff's BFP status. As explained by *Mullen,* Plaintiff's BFP status is conferred by the Code under § 544, but whether that status is sufficient to defeat Defendant's interest is determined by property laws of the State of Idaho. It is the Court's duty to weigh that status against the Defendant's rights conferred by state law.

The *Mullen* Court held that "in order for a bona fide purchaser to prevail against the beneficiary under a deed of trust, that purchaser must first record its instrument of conveyance." *Mullen*, 402 B.R. at 358. The same is true for the beneficiary under a deed in lieu of foreclosure, which also seeks to convey rights to real property. Like the bankruptcy trustee in *Mullen*, Plaintiff here is subject to whatever rights inure to Defendant under the DOT and DIL. *Id*. Thus, had the DOT been the only document in place, Plaintiff would be subject to Defendant's recorded interest, and his BFP status would not be sufficient to defeat that interest. However, the DIL recites:

> This Deed is an absolute conveyance of title, in effect as well as in form and is not intended as a mortgage, trust conveyance, or security of any kind. The consideration hereto existing on account of the Deed of Trust on said land recorded on **August 23, 2007** as Instrument No. **107119088**, records of **Ada** County, **IDAHO**. This Deed completely satisfies said Deed of Trust and Note secured thereby, and any effect thereof in all respects.

Dkt. No. 9 at Ex. C (emphasis in original). As such, the DIL represents a conveyance of ownership of the Property, in full satisfaction of the DOT and the Note. It served to

MEMORANDUM OF DECISION − 17

extinguish the prior-existing security interest in the Property.  Accordingly, when the

bankruptcy petition was filed, Defendant held only an unrecorded conveyance of

Property, which under Idaho law, may be defeated by a bona fide purchaser who records

first.  Unfortunately for Defendant, the Plaintiff as a bankruptcy trustee, holds such

status.  Thus, the relief sought in Plaintiff's complaint—that the DIL may be invalid or

unsatisfied and the estate may take the Property free of Defendant's interest—is plausible

on the facts alleged.  Accordingly, Defendant's motion to dismiss for failure to state a

claim under Civil Rule 12(b)(6) is denied.

C.  Stay Violation

In Count II of the complaint, Plaintiff alleges that the Property was titled in

Debtors' names on the date they filed their petition, and so it became property of their

bankruptcy estate.  As such, when Defendant recorded the DIL post-petition, Plaintiff

alleges such was an act to obtain possession or control over the Property, and violated the

automatic stay.  Because actions taken in violation of the stay are void, Plaintiff seeks an

order declaring the recording of the DIL void.  Defendant seeks dismissal of Count II of

the complaint on the grounds that Plaintiff has no interest in the Property.  However, as

discussed above, under the facts as alleged, Plaintiff, representing the bankruptcy estate,

may have an interest in the Property superior to that of Defendant.  As such, Plaintiff's

assertions in Count II are plausible as alleged, and Defendant's motion to dismiss on that

count is likewise denied.


MEMORANDUM OF DECISION – 18

D.  Equitable Lien

In its reply brief in support of its motion to dismiss, Defendant raises the defense

that it holds an equitable lien on the Property on the basis of unjust enrichment.  While

Plaintiff was given no opportunity to respond to this allegation, the Court finds that it is

not a proper grounds for dismissal of this case at present.  The Ninth Circuit stated:

> Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is
> proper only if the defendant shows some obvious bar to securing relief on
> the face of the complaint.  *See Sams v. Yahoo! Inc.,* 713 F.3d 1175, 1179
> (9th Cir. 2013) ("[T]he assertion of an affirmative defense may be
> considered properly on a motion to dismiss where the 'allegations in the
> complaint suffice to establish' the defense." (quoting *Jones v. Bock,* 549
> U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007))); 5B Charles Alan
> Wright et al., *Federal Practice and Procedure* § 1357 (3d ed.1998) ("[A]
> dismissal under Rule 12(b)(6) is likely to be granted by the district court
> only in the relatively unusual case in which the plaintiff includes
> allegations that show on the face of the complaint that there is some
> insuperable bar to securing relief. . . .").  If, from the allegations of the
> complaint as well as any judicially noticeable materials, an asserted defense
> raises disputed issues of fact, dismissal under Rule 12(b)(6) is
> improper.  *Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984) (per
> curiam).

*ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014); *see also Sams*

*v. Yahoo! Inc*., 713 F.3d 1175, 1179 (9th Cir. 2013) ("the assertion of an affirmative

defense may be considered properly on a motion to dismiss where the 'allegations in the

complaint suffice to establish' the defense") (quoting *Jones v. Bock*, 549 U.S. 199, 215,

127 S.Ct. 910, 166 L.Ed.2d 798 (2007)).  Thus, in order to prevail on its defense, the

allegations in Plaintiff's complaint must be sufficient to establish that Plaintiff was

unjustly enriched such that equity would step in to give Defendant a lien in the estate's

MEMORANDUM OF DECISION − 19

interest in the Property.  The Court cannot make such a finding on the face of the complaint.  The Idaho Supreme Court stated:

> the terms restitution and unjust enrichment are the modern designation for the older doctrine of quasi contracts …. Quasi contracts are not contracts but are obligations created by the law when money or property has been placed in one person's possession under such circumstances that in equity and good conscience he ought not to retain it.  Thus the substance of an action for unjust enrichment lies in a promise implied by law that one will render to the person entitled thereto that which in equity and good conscience belongs to the latter.

*Leppaluoto v. Warm Springs Hollow Homeowners Ass'n, Inc.*, 114 Idaho 3, 9, 752 P.2d 605, 611 (1988).  The allegations in the complaint, if proven, would certainly produce a harsh result for Defendant.  Nevertheless, nothing about the circumstances would necessarily cause the Court to perceive that equity and good conscience should not permit the Plaintiff to retain the Property free from Defendant's lien.  Indeed, the complaint alleges that Debtors executed the DIL and delivered it to Defendant who then failed to record it during the 32 days before Debtors filed their bankruptcy petition.  It is unlikely equity would step in to relieve a party from the natural consequence of sitting on its rights.  As such, the allegations in the complaint do not establish the defense of an equitable lien, and therefore it does not present a proper basis to dismiss Plaintiff's complaint.

### *Conclusion*

After accepting as true all facts alleged in the complaint and drawing all reasonable inferences in favor of the Plaintiff, the Court concludes that Plaintiff has

MEMORANDUM OF DECISION − 20

alleged sufficient factual matter to state a claim to relief that is plausible on its face, both

as to the avoidance action under § 544(a) in Count I, as well as the automatic stay cause

of action raised in Count II.  Accordingly, Defendant's motion to dismiss will be denied

in a separate order.

DATED:  May 21, 2019



_____

JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION – 21